

FILED
CLERK, U.S. DISTRICT COURT
JUL 21 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

Charles H. Smith
chsmith@smith-moore.com
SMITH & MOORE PLLC
3030 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 740-4200
Facsimile: (214) 740-4242

Peter P. Brotzen #53230
PPB@db2law.com
Gregory L. Anderson #129931
GLA@db2law.com
DWYER, DALY, BROTZEN & BRUNO, LLP
550 South Hope Street, Suite 1900
Los Angeles, California 90071-2632
Tel. (213)627-9300
Fax (213)624-1638

Attorneys for Defendant
FLIGHTSAFETY INTERNATIONAL INC. erroneously sued
and served herein as FLIGHT SAFETY INTERNATIONAL

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHAN AIR, INC.; KERRY ACQUISITIONS, LLC; and KOOSHAREM CORPORATION,<br><br>Plaintiff(s),<br><br>vs.<br><br>DASSAULT FALCON JET CORP.; DASSAULT AVIATION; DASSAULT AIRCRAFT SERVICES; FLIGHT SAFETY INTERNATIONAL; and DOES 2-10,<br><br>Defendant(s). | Case No. CV08-7294 VBF (CWx)<br><br><br><br>AMENDED PROTECTIVE ORDER |

The parties recognize that preparation and trial of this action will require the discovery of business records and other materials claimed by one or more of the parties to contain confidential business and commercial information. Some information of that type has already been requested in discovery sought by certain

parties. Therefore, the parties have stipulated that this Amended Protective Order may be entered by the Court, and that the order shall govern confidential information produced in these proceedings.

1. All confidential and commercial information, i.e., documents, tangible things or other information (regardless of how generated, stored or maintained) that qualify for protection under standards developed under Federal Rule of Civil Procedure 26c, provided such documents or information have not previously been disclosed by the producing party to the public, disclosed, furnished or submitted, either voluntarily or pursuant to any Court order, by or on behalf of any party in this action, if properly designated as "Confidential," shall be used solely in connection with pretrial proceedings, preparation for trial, or other proceedings in this action. Such documents or information or parts thereof will be designated after review by an attorney for the producing party by stamping the words "CONFIDENTIAL INFORMATION" or similar wording on each page.

2. If any party believes a document (or information) not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court.

3. Material designated as "Confidential" shall be used solely for the purpose of this action and not for any business or other purpose, and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Amended Protective Order. The protections conferred by this Amended Protective Order cover not only the document, information or tangible items designated as "Confidential," but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential materials.

4. Information that has been produced to or prepared by any agency of government, and which otherwise is available to the public, shall not be considered

DWYER, DALY, BROTZEN & BRUNO, LLP
550 SOUTH HOPE STREET, SUITE 1900
LOS ANGELES, CALIFORNIA 90071-2632

confidential unless such information produced to or prepared by any agency of government is treated by that agency of government as "Confidential."

5. Access to materials designated "Confidential" shall be restricted to:

    a. The Court and court personnel, including stenographic reporters engaged in such proceedings as are 'necessarily incident to the preparation or trial of this action;

    b. Those officers, directors, and employees of the parties, including the parties, whose assistance is required in the preparation of this action for trial and who must have access to the materials to render this assistance;

    c. Experts or consultants retained in connection with this action.

    d. The attorneys in the law firms appearing of record in this action for the parties and personnel, who are directly employed by those firms and are assisting the attorneys working on this action;

    e. Any person who is to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in the witness's preparation;

    f. The insurance representatives of the parties; and

    g. Such other persons as the parties to this action shall agree to in writing or the Court shall determine.

6. Each qualified person described in subparagraphs b., c., e., f., or g. of the preceding paragraph to whom "Confidential" materials are to be furnished, shown, or disclosed shall first be presented by the disclosing party with a copy of the Amended Protective Order. All such persons shall be bound by the terms of this Amended Protective Order and shall not permit disclosure of the documents or information other than pursuant to the terms of the Amended Protective Order. Also, such persons shall execute a copy of the Affidavit attached as Exhibit A acknowledging that they have read this Amended Protective Order and that they shall

abide by its terms. Further, all such persons who receive such materials shall maintain the materials in a separate, identifiable privileged information file, access to which is appropriately restricted.

7. The receiving party shall maintain a list of all individuals to whom the receiving party provides access to any of the confidential information or materials produced in discovery, or in the alternative, a file containing copies of all Affidavits (Exhibit A) signed by the receiving party pursuant to Paragraph 6 of this Amended Protective Order. The producing party may apply to the Court for the production of this list or file upon a showing of good cause. All such persons who receive such materials shall expressly indicate whether any copies or information have been made or removed from the privileged materials file and a record of the number of copies and the location of each copy shall be maintained by the receiving party. Upon termination of this action, whether by judgment, settlement or otherwise, the parties to this action shall assemble and return to the original source party all "Confidential" materials, including all copies thereof (but not including copies containing notes or other attorneys' work product that may have been placed thereon by counsel for the parties). All copies containing notes or other attorneys' work product shall be destroyed within ten (10) days of the final resolution of this action, at which time counsel for the parties shall confirm in writing to each other that such destruction has occurred.

8. Nothing in the Amended Protective Order shall be deemed to restrict in any way any party or attorneys with respect to that party's own documents.

9. The parties shall act in good faith in designating "Confidential" material. Any classification of material as "Confidential" may be challenged by any party by writing a letter to the attorney of record of the designating party, specifically identifying the documents or information so challenged. The parties shall attempt in good faith to resolve any disputes regarding designated material. If the parties cannot agree, the designating party shall file under seal a written pleading identifying the

designated material or information and stating with particularity why it believes the designated material should be protected under this Order. The burden rests on the party seeking confidentiality to demonstrate that such designation is appropriate. However, the document or information at issue shall be treated as confidential until the Court rules on the matter.

10. Any "Confidential" materials utilized at a deposition pertaining to these actions shall be separately bound by the court reporter and retained in a sealed envelope by the party who noticed the deposition. Any portion of a deposition transcript containing or referring to confidential, commercial or proprietary information may be designated as "Confidential" by any party. Parties shall have fourteen (14) calandar days after the receipt of the deposition transcript to identify and designate specific portions of the transcript as "Confidential." Pending notification, the entire deposition transcript shall be treated as "Confidential" for the fourteen (14) calandar days. Portions of a deposition transcript so designated shall also be separately bound by the court reporter and retained in a sealed envelope by the party who noticed the deposition. Nothing in this paragraph shall be construed to prevent the parties to these actions from obtaining copies of "Confidential" portions of a deposition transcript or deposition exhibits.

11. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use at trial any "Confidential" material. The producing party may apply to the Court for further protection of the confidentiality of such material if it is to be used at trial.

12. No "Confidential" materials may be filed in the public record of this action without prior written permission from the party designating the document or tangible item as "Confidential," or approval of the Court secured after appropriate notice to all interested persons. A Party that seeks to file under seal any "Confidential" materials must comply with Civil Local Rule 79-5.

13. Stipulating to the entry of this Protective Order and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order shall not:

   a. Operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, priority commercially sensitive information, or any other type of confidential information;

   b. Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

   c. Prejudice in any way the rights of the parties to claim a legal privilege and object to the production of documents, information or materials they consider not subject to discovery;

   d. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Amended Protective Order;

   e. Prejudice in any way the rights of a party to seek a determination by the Court whether any information or materials should be subject to the terms of this Amended Protective Order;

   f. Prejudice in any way the rights of a party to seek modification of this protective order;

   g. Prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material so designated as "Confidential" by the party agreeing to alter or

waive the protections.

IT IS HEREBY STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: 6/25/09  FRANECKE LAW GROUP

BY: _____
LOUIS S. FRANECKE
Attorneys for Plaintiffs, TRISHAN AIR, INC., KERRY ACQUISITIONS, LLC and KOOSHAREM CORPORATION

Dated: _____  YOKA & SMITH, LLP

BY: _____
WALTER M. YOKA
ANTHONY F. LATIOLAIT
DANIEL F. McCANN
RORY D. LEOS
Attorneys for Defendant, DASSAULT FALCON JET CORP.

Dated: _____  DWYER, DALY, BROTZEN & BRUNO, LLP

By: _____
PETER P. BROTZEN
GREGORY L. ANDERSON
Attorneys for Defendant, FLIGHTSAFETY INTERNATIONAL INC. erroneously sued and served herein as FLIGHT SAFETY INTERNATIONAL

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____
U. S. DISTRICT/MAGISTRATE JUDGE

waive the protections.

IT IS HEREBY STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____   FRANECKE LAW GROUP

BY: _____

LOUIS S. FRANECKE
Attorneys for Plaintiffs, TRISHAN AIR, INC., KERRY ACQUISITIONS, LLC and KOOSHAREM CORPORATION

Dated: July 7, 2009   YOKA & SMITH, LLP

BY: _____

WALTER M. YOKA
ANTHONY F. LATIOLAIT
DANIEL F. McCANN
RORY D. LEOS
Attorneys for Defendant, DASSAULT FALCON JET CORP.

Dated: 7-16-09   DWYER, DALY, BROTZEN & BRUNO, LLP

By: _____

PETER P. BROTZEN
GREGORY L. ANDERSON
Attorneys for Defendant, FLIGHTSAFETY INTERNATIONAL INC. erroneously sued and served herein as FLIGHT SAFETY INTERNATIONAL

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 21, 2009   _____

U. S. DISTRICT/MAGISTRATE JUDGE

-7-
[PROPOSED] AMENDED PROTECTIVE ORDER