1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  TRISHAN AIR, INC.; KERRY          )   Case No. CV08-7294 VBF (CWx)
    ACQUISITIONS, LLC; and            )
12  KOOSHAREM CORPORATION,            )   **DISCOVERY MATTER**
                                      )
13              Plaintiff(s),         )   ATTORNEYS EYES ONLY
                                      )   PROTECTIVE ORDER
14  vs.                               )
                                      )
15  DASSAULT FALCON JET CORP.;        )   **NOTE CHANGES MADE BY**
    DASSAULT AVIATION;                )   **COURT**
16  DASSAULT AIRCRAFT SERVICES,       )
    FLIGHT SAFETY                     )
17  INTERNATIONAL; and DOES 2-10,     )
                                      )
18              Defendant(s).         )
    _____  )
19                                    )
    AND RELATED ACTIONS               )
20  _____  )

21

22       Upon consideration of the motion by Plaintiffs and Counter-Defendants

23  TRISHAN AIR, INC.; KERRY ACQUISITIONS, LLC; and KOOSHAREM

24  CORPORATION("PLAINTIFFS") to compel further responses to inspection

25  demands by Defendant, Counter-claimant and Third-party Plaintiff

26  FLIGHTSAFETY INTERNATIONAL INC. erroneously sued and served herein as

27  FLIGHT SAFETY INTERNATIONAL ("FLIGHTSAFETY") an the opposition

28  thereto and arguments of counsel at the hearing held September 29, 2009, GOOD

CAUSE appearing therefore, this Court makes the following ATTORNEYS'
EYES ONLY PROTECTIVE ORDER:

**A.  DEFINITIONS**

1.  **Protected Material**:  This protective order shall apply only to the
engineering/aerodynamic data produced by FLIGHTSAFETY in accordance with
the Order of the Honorable Carla M. Woehrle made pursuant to the Motion by
PLAINTIFFS to compel FLIGHTSAFETY to make a further response to
PLAINTIFFS' Inspection Demands, Set One, Demand No. 6 (hearing date
September 29, 2009) and the same or similar data provided in discovery herein by
any other party.   Hereinafter said data shall be referred to as "**Protected
Material.**"

This Order does not confer blanket protections any other disclosures or
responses to discovery and the protection it affords extends only to the limited
information produced pursuant to said Order. This Protective Order creates no
entitlement to file confidential information under seal; Civil Local Rule 79-5 sets
forth the procedures that must be followed and reflects the standards that will be
applied when a party seeks permission from the court to file material under seal.

2. **Party**: Any party to this action, including all of its officers, directors,
employees, consultants, retained experts, counsel (and their support staff), and any
other person or entity acting on behalf of anyone listed above.

3. **Receiving Party**: A party that receives **Disclosure** of **Protected
Material**.

4. **Producing Party**: FLIGHTSAFETY and any other party or non-party that **Produces Protected Material** in this action.

5. **Produced**: Provided by FLIGHTSAFETY to the parties herein pursuant to the Order of the Court identified above.

6. **Outside Counsel**: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

7. **House Counsel**: attorneys who are employees of a Party.

8. **Counsel** (without qualifier): **Outside Counsel** and **House Counsel** (as well as their support staffs).

9. **Designating Party**: A party who identifies **Protected Material Disclosed** herein as **Protected Material** under the procedures specified herein.

10. **Disclosure**: Any communication from any person with possession, custody, control or access to **Protected Material** to any other person or entity which contains, refers to, or in any way makes available to that other person or entity, **Protected Material**.

11. **Disclosing Party**: Any party who makes a **Disclosure** of **Protected Material**.

12. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current

ATTORNEYS EYES ONLY PROTECTIVE ORDER

employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

13. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**B.    SCOPE**

The protections conferred by this Order cover not only **Protected Material** (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal **Protected Material**.

**C.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

/ / /

/ / /

ATTORNEYS EYES ONLY PROTECTIVE ORDER

**D.     MANNER AND TIMING OF DESIGNATION OF PROTECTED
        MATERIAL**

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, **Protected Material** must be clearly designated in conformity with this Order before the material is **Disclosed** or **Produced**.

Designation in conformity with this Order requires:

(1) for information in documentary form: Prior to being **Produced** by FLIGHTSAFETY, or **Disclosed** by a **Disclosing Party** they shall affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains **Protected Material**. If only a portion or portions of the material on a page qualifies for protection, FLIGHTSAFETY and/or the **Disclosing Party** also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(2) for testimony given in deposition or in other pretrial or trial proceedings in which **Protected Materials** are **Disclosed**, the **Disclosing Party** or non-party offering or sponsoring the testimony or any other **Designating Party** shall identify the **Protected Material** on the record, before the close of the deposition, hearing, or other proceeding, and further specify any portions of the testimony that qualify as **Protected Material**.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may be protected hereunder, **Designating Party** may invoke on the  record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony, exhibits and/or transcript as to

which protection is afforded.  Only those portions of the testimony, exhibits and/or transcript that are identified as containing or referring to **Protected Material** within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing **Protected Material** must be separately bound by the court reporter, who must affix to the top of each such page the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the **Designating Party**, **Disclosing Party** or nonparty offering or sponsoring the witness or presenting the testimony.

(3) for information **Produced** or **Disclosed** in some form other than documentary:   prior to being **Produced** by FLIGHTSAFETY, or **Disclosed** by a **Disclosing Party** they shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, FLIGHTSAFETY, or the Disclosing Party to the extent practicable, shall identify the protected portions as "Highly Confidential – Attorneys' Eyes Only."

(4)     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate protected information as "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive any Party's right to secure protection under this Order for **Protected Material**.

/ / /

**E.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1. <u>Timing of Challenges</u>. Unless a prompt challenge to a **Designating Party's** confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a **Party** does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a **Designating Party's** confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the **Designating Party**. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the **Designating Party** an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the **Designating Party** may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality

1  designation that was given by the **Designating Party** in the meet and confer

2  dialogue.

3

4       The burden of persuasion in any such challenge proceeding shall be on the

5  **Designating Party**. Until the court rules on the challenge, all parties shall continue

6  to afford the material in question the level of protection to which it is entitled under

7  FLIGHTSAFETY's designation prior to the **Protected Material** being **Produced**.

8

9  **F.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

10

11       1. <u>Basic Principles</u>. A **Receiving Party** may use **Protected Material** in

12  connection with this case only for prosecuting, defending, or attempting to settle

13  this litigation. Such **Protected Material** may be **Disclosed** only to the categories

14  of persons and under the conditions described in this Order. When the litigation

15  has been terminated, a **Receiving Party** must comply with the provisions of

16  section 11, below (FINAL DISPOSITION).

17

18       **Protected Material** must be stored and maintained by a **Receiving Party** at

19  a location and in a secure manner that ensures that access is limited to the persons

20  authorized under this Order.

21

22       2. <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or

23  permitted in writing by the **Designating Party**, a **Receiving Party** may disclose

24  **Protected Information** only to:

25

26       (a) the **Receiving Party's Outside Counsel** of record in this action, as well

27  as employees of said Counsel to whom it is reasonably necessary to disclose

28  the information for this litigation and who have signed the "Agreement to Be

FSI Proposed Protective Order.wpd     -8-

Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    **House Counsel** of a **Receiving Party** (1) who has no involvement in competitive decision-making or in patent prosecutions involving aircraft manufacturing and/or simulated flight training, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) **Experts** (as defined in this Order) of the **Receiving Party** (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph F 3, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

3.    Procedures for Approving Disclosure of Protected Material to Experts

(a) Unless otherwise ordered by the court or agreed in writing by the **Designating Party**, a **Party** that seeks to **Disclose** to an **Expert Protected Material** first must make a written request to the **Designating Party** that (1) identifies the specific **Protected Material** that the **Receiving Party** seeks permission to **Disclose** to the **Expert**,

(2) sets forth the full name of the **Expert** and the city and state of his or her primary residence, (3) attaches a copy of the **Expert's** current resume, **and** (4) identifies the **Expert's** current employer(s), **and any prior employer(s) within** ~~(5) identifies each person or entity from whom the **Expert** has received compensation for work in his or her areas of expertise or to whom the **Expert** has provided professional services at any time during~~ the preceding five years. ~~and (6) identified (by name and number of the case, filing date, and location of court) any litigation in connection with which the **Expert** has provided any professional services during the preceding five years.~~

(b) A **Party** that makes a request and provides the information specified in the preceding paragraph may disclose the subject **Protected Material** to the identified **Expert** unless, within seven court days of delivering the request, the **Party** receives a written objection from the **Designating Party**.  Any such objection must set forth in detail the grounds on which it is based.

(c) **If such a timely objection is made, the parties** ~~A **Party** that receives a timely written objection~~ must meet and confer **in a good faith effort** ~~with the **Designating Party** (through direct voice to voice dialogue) to try~~ to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the **Disclosure** to the Expert may file **an ex parte application pursuant to Local Rule 7-19** ~~a motion as provided in Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)~~ seeking permission of the court to do so.  ~~Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the **Disclosure** to the **Expert** is~~

ATTORNEYS EYES ONLY PROTECTIVE ORDER

1  ~~reasonably necessary, assess the risk of harm that the **Disclosure**~~
2  ~~would entail and suggest any additional means that might be used to~~
3  ~~reduce that risk.  In addition, any such motion must be accompanied~~
4  ~~by a competent declaration in which the movant describes the parties'~~
5  ~~efforts to resolve the matter by agreement (i.e., the extent and content~~
6  ~~of the meet and confer discussions) and sets forth the reasons~~
7  ~~advanced by the **Designating Party** for its refusal to approve the~~
8  ~~**Disclosure**.~~

9

10  In **connection with** any such **application,** ~~proceeding,~~ the **Party** opposing
11  the **Disclosure** to the **Expert** shall bear the burden of proving that the risk of harm
12  that the **Disclosure** would entail ~~(under the safeguards proposed)~~ outweighs the
13  **Receiving Party's** need to **Disclose** the **Protected Material** to its **Expert**.

14

15  **G.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**
16  **PRODUCED IN OTHER LITIGATION.**

17

18  If a **Receiving Party** is served with a subpoena or an order issued in other
19  litigation that would compel disclosure of any **Protected Material**, the **Receiving**
20  **Party** must so notify the **Designating Party**, in writing (by fax, if possible)
21  immediately and in no event more than three court days after receiving the
22  subpoena or order. Such notification must include a copy of the subpoena or court
23  order.

24

25  The **Receiving Party** also must immediately inform in writing the Person
26  who caused the subpoena or order to issue in the other litigation that some or all
27  the material covered by the subpoena or order is the subject of this Protective
28  Order. In addition, the **Receiving Party** must deliver a copy of this Protective

1  Order promptly to the Person in the other action that caused the subpoena or order

2  to issue.

3

4       The purpose of imposing these duties is to alert the interested parties to the

5  existence of this Protective Order and to afford the **Designating Party** in this case

6  an opportunity to try to protect its confidentiality interests in the court from which

7  the subpoena or order issued. The **Designating Party** shall bear the burdens and

8  the expenses of seeking protection in that court of its confidential material – and

9  nothing in these provisions should be construed as authorizing or encouraging a

10 **Receiving Party** in this action to disobey a lawful directive from another court.

11

12 **H.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13

14      If a **Receiving Party** learns that, by inadvertence or otherwise, it has

15 **Disclosed Protected Material** to any person or in any circumstance not authorized

16 under this Protective Order, the **Receiving Party** must immediately (a) notify in

17 writing the **Designating Party** of the unauthorized disclosures, (b) use its best

18 efforts to retrieve all copies of the **Protected Material**, (c) inform the person or

19 persons to whom unauthorized disclosures were made of all the terms of this

20 Protective Order, and (d) request such person or persons to execute the

21 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

22 A.

23

24 **I.     FILING PROTECTED MATERIAL**.

25

26      Without written permission from the **Designating Party** or a court order

27 secured after appropriate notice to all interested persons, a **Party** may not file in

28 the public record in this action any **Protected Material**. A **Party** that seeks to file

1   under seal any **Protected Material** must comply with Civil Local Rule 79-5.

2

3   **J.      FINAL DISPOSITION**.

4

5          Unless otherwise ordered or agreed in writing by the **Producing Party** or

6   **Designating Party**, within sixty days after the final termination of this action, each

7   **Receiving Party** must return all **Protected Material** to the **Producing Party**. As

8   used in this subdivision, "all Protected Material" includes all copies, abstracts,

9   compilations, summaries or any other form of reproducing or capturing any of the

10  **Protected Material**. With permission in writing from the **Designating Party**, the

11  **Receiving Party** may destroy some or all of the **Protected Material** instead of

12  returning it. Whether the **Protected Material** is returned or destroyed, the

13  **Receiving Party** must submit a written certification to the **Producing Party** (and,

14  if not the same person or entity, to the **Designating Party**) by the sixty day

15  deadline that identifies (by category, where appropriate) all the **Protected**

16  **Material** that was returned or destroyed and that affirms that the **Receiving Party**

17  has not retained any copies, abstracts, compilations, summaries or other forms of

18  reproducing or capturing any of the **Protected Material**. Notwithstanding this

19  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

20  papers, transcripts, legal memoranda, correspondence or attorney work product,

21  even if such materials contain **Protected Material**. Any such archival copies that

22  contain or constitute **Protected Material** remain subject to this Protective Order as

23  set forth in Section 4 (DURATION), above.

24

25  **K.      MISCELLANEOUS**

26

27         1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

28  person to seek its modification by the Court in the future.

FSI Proposed Protective Order.wpd                    -13-

1    2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

2  Protective Order no Party waives any right it otherwise would have to object to

3  disclosing or producing any information or item on any ground not addressed in

4  this Protective Order. Similarly, no Party waives any right to object on any ground

5  to use in evidence of any of the material covered by this Protective Order.

6

7  IT IS SO ORDERED.

8

9  Date:  January 11, 2010                           _Carla M. Woehrle_

10                                                 Honorable Carla Woehrle
                                                   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FSI Proposed Protective Order.wpd            -14-

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on October ___, 2009, in the case of *Trishan Air, Inc., et al. v. FlightSafety International, et al.,* Case No. 08-07294 VBF (CWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

FSI Proposed Protective Order.wpd                                       -15-

ATTORNEYS EYES ONLY PROTECTIVE ORDER